## THE RUSSELL AND ERWIN MANUFACTURING COMPANY, RESPONDENT, v. ZIBA CARPENTER, APPELLANT.

*Indorsee — judgment against indorser — effect of.*

The recovery of a judgment by an indorsee against his indorsers on a promissory note, while it remains unsatisfied, does not operate as a retransfer of the note to such indorsers, and does not prevent the indorsee from bringing an action against the maker and recovering judgment therein against him.

APPEAL from a judgment in favor of the plaintiff, entered on the decision of the court, in an action brought upon a promissory note made by defendant to the order of Taylor & Graff, and by them indorsed to the plaintiff.

*J. O. Dykman,* for the appellant. The mere acceptance of the note by the plaintiff for the debt of Taylor & Graff was not a payment of the debt, in the absence of any agreement to receive it as such. (*Porter* v. *Talcott,* 1 Cow., 384; *Olcott* v. *Rathbone,* 5 Wend., 490; *Vail* v. *Foster,* 4 N. Y., 312; *Turner* v. *Bank of Fox Lake,* 4 Abb. Ct. App. Dec., 436; *Johnson* v. *Bank of North America,* 5 Robt., 590.) The conduct of the plaintiff, in charging back the note and bringing an

action on the original debt, will be considered as evidence that the note of the defendant was not taken as payment of the debt. (*Van Epps* v. *Dillaye*, 6 Barb., 274.) Taylor & Graff were liable to the plaintiff as indorsers of this note, and when the plaintiff commenced its action against them, they had the right to have Carpenter's note surrendered to them, because the plaintiff elected to hold them upon the original account. (Story on Partnership, § 404.) As Taylor & Graff had the right to have Carpenter's note surrendered to them, they had the right to collect the money on it as they did, and the mere possession of the note was immaterial.

*Henry W. Isaacson*, for the respondent. The denial in defendant's answer of the allegation in plaintiff's complaint "that said note has not been paid nor any part thereof," is a denial of an immaterial allegation in the complaint and forms no issue. Payment is matter of defense, and to be available to defendant must be pleaded affirmatively in the answer. (*Keteltas* v. *Myers*, 19 N. Y., 231; *McKyring* v. *Bull*, 16 id., 297; *Frey* v. *Bennet*, 5 Sandf., 54.) The denial in defendant's answer of the allegation in plaintiff's complaint "that the whole of said sum of seventy-five dollars is due and owing to plaintiff thereon," is a denial of a mere conclusion of law and forms no issue. Such an allegation cannot be denied in the answer. (*McKyring* v. *Bull*, 16 N. Y., 297; *Fosdick* v. *Groff*, 22 How. Pr., 158; *Drake* v. *Cockroft*, 10 id., 377.) The note in suit may be considered as having been transferred by Taylor & Graff to plaintiff, as collateral security for the indebtedness which was the consideration of the transfer, and, after the plaintiff had sued the indorsers, payees of said note, upon the original indebtedness and failed to collect, the plaintiff had a right to resort to the maker of the note for payment, and by suing on said original indebtedness plaintiff did not waive any right which it had to do so. (Story on Promissory Notes, §§ 115 a–409.) There is a difference between the extinguishment of a liability upon a promissory note and a satisfaction of it. (Id., §§ 403–409.) The holder of a note, after suing the payee and failing to collect, has a right to sue the maker upon his liability to him, and if the maker pays the note to such holder, it is a satisfaction of the note, but not otherwise. (Id., §§ 401–409.) The plaintiff had a

right to release the payees who indorsed it, absolutely, and to look to the maker alone for payment. (Id., § 409.) The maker of a note is only obliged to pay the holder, who is the *prima facie* owner and entitled to payment, and if he pays any one else he must pay it over again. (Id., § 113.) The consideration of the note, in this case the consideration for the indorsement, is the indebtedness, and not the note itself, which is only the evidence of the indebtedness. (*Winsted Bank* v. *Webb*, 39 N. Y., 325.)

TALCOTT, J. :

The defendant is sued as the maker of a promissory note, which he made, for value received, payable to the order of one Taylor & Graff. Taylor & Graff duly indorsed and transferred the note to the plaintiff. The note not being paid at maturity, the plaintiff charged it in account to Taylor & Graff, against whom the plaintiff had a further account, and brought an action against them on the entire claim, including the note, and recovered judgment for the full amount; but no part of the judgment has been paid, or in any manner satisfied. On these facts the defendant seeks to defend this action, upon the ground that, by reason of the fact that the plaintiff recovered judgment upon it against Taylor & Graff, they became entitled to a return and retransfer of the note. This is a mistake. By the recovery of the judgment for the amount of the note against Taylor & Graff, although the demand against them as indorsers became merged in the judgment, the liability of the maker remained unaffected. By the indorsement and transfer of the note to the plaintiff, whether such transfer was in payment or only as security, the plaintiff became entitled presumptively to all the security afforded by the note, not only as against the indorsers, but as against the maker, and the recovery of judgment against the indorsers, without any satisfaction, did not operate, either at law or in equity, as a retransfer of the note to Taylor & Graff, the indorsers, any more than though the action had been brought against them upon the note alone; and the plaintiff can still have recourse against the maker to recover the amount of him.

The judgment is correct and must be affirmed.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.